UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARIA LARKIN ,

    Plaintiff,

v.

                                      Case No. 2:23-cv-00144-JLB-NPM

JOHN P. LARKIN, II aka JP LARKIN, II
aka JOHN LARKIN aka JAKE LARKIN,
aka OTHER UNKNOWN ALIASS; JP II, INC,
INCLUDING ALL DBA'S AND OTHER
UNKNOWN BUSINESSES OF JOHN P.
LARKIN, II et al. IN WHOLE OR PART,
PERSONALLY, OR ANY OTHER ENTITY(S);
ATTORNEY BARBARA R. BLACKMAN;
BARBARA R. BLACKMAN AS A PUBLIC
OFFICER OF THE COURT AND STATE OF
VERMONT; LYNN, LYNN, BLACKMAN AND
MANITSKY, P.C. et al; GADUE'S DRY CLEANING,
et al; PUBLIC STORAGE CORPORATE, for
PUBLIC STORAGE AT SARASOTA, et al;
UNKNOWN/UNNAMED DEFENDANTS,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court *sua sponte*. On March 5, 2023, Plaintiff, proceeding *pro se*, filed the instant action, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (Doc. 1 at 5–6). While it is true that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will therefore, be liberally

construed[,]" *see Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), for the reasons outlined below, the Court finds that Plaintiff has failed to sufficiently establish this Court's subject matter jurisdiction.

"Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, each defendant must be diverse from each plaintiff. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). When federal jurisdiction is invoked based upon diversity, the complaint's allegations must include the citizenship of each party, so that the Court may be satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Here, the Complaint does not adequately establish the parties' citizenship. Plaintiff claims that "[a]ll individuals named in this filing are citizens of the United States of America." (Doc. 1 at 5). That statement does not establish diversity because it does not show that no plaintiff is a citizen of the same state as any defendant. The Eleventh Circuit has stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to domicile for purposes of diversity jurisdiction. And domicile requires both residence in a state and intention to remain there indefinitely." *Maier v. Green*

*Eyes USA, Inc.*, 845 F. App'x 869, 876 (11th Cir. 2021).  Thus, for herself and for the defendants who are individual persons, Plaintiff must allege which state they are a resident of and their intention to remain there indefinitely.  Plaintiff does not do that.  For example, the Court is unsure which state Plaintiff is a resident of because she provides a Florida PO Box for her address (Doc. 1 at 1) but states that Plaintiff is a resident of Vermont (Doc. 1 at 7), claims that she "was trapped in Florida" (Doc. 1 at 19), and attaches 2021 correspondence where an individual claiming to be Plaintiff's attorney states that Plaintiff "has every intent of returning to Vermont, so that she can be near her primary care physician during her recovery." (Doc. 1-7 at 3).

Plaintiff also does not provide the citizenships of the individual defendants. "For a corporate defendant the complaint must allege either the corporation's state of incorporation or principal place of business."  *Taylor*, 30 F.3d at 1367 (citing 28 U.S.C. § 1332).  Plaintiff does not provide that information for any of the corporate defendants.  "It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011).  The Complaint does not meet this burden.

Moreover, "[w]hen a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith."  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).  Generally, "[i]t must appear to a legal certainty that the claim is really for less than the

3

jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted).

Although the Complaint alleges that the amount in controversy "far exceeds $75,000." (Doc. 1 at 6), there are no underlying facts to support that allegation. The Complaint describes the amount of damages as follows:

> The extent of short-term and long-term damage to [Plaintiff], due to abandonment, toxic poisoning, aforementioned and much more is unknown. . . Plaintiff is currently in medical crisis and in need of emergent medical, financial, and personal care . . . The initial loss from an uninhabitable home, stemming from negligence, of just actual personal property and business tangibles is over $200,000 and counting. Notwithstanding additional tangible loss, loss of use, deprivation, loss of income, relationship, and life.

(Doc. 1 at 6). The damages sought are indeterminate. No facts establish the amount Plaintiff seeks. It is Plaintiff's burden to establish the amount in controversy by a preponderance of the evidence.

Based on the Court's numerous concerns regarding the existence of subject matter jurisdiction, Plaintiff is hereby **ORDERED** to **SHOW CAUSE** as to why this action should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff shall file a written response with the Court within

4

**FOURTEEN (14) DAYS** of the date of this Order.  Plaintiff may also file an Amended Complaint within **FOURTEEN (14) DAYS** of the date of this order that cures the jurisdictional deficiencies discussed herein.  Failure to respond to this Order within the time provided will result in dismissal of this action without further notice.

    **ORDERED** at Fort Myers, Florida on March 21, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE