UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ARIA LARKIN**,

    Plaintiff,

v.                                                                     2:23-cv-144-JLB-NPM

**JOHN P. LARKIN, II**,
**JP II, INC**,
**BARBARA R. BLACKMAN**,
**LYNN, LYNN, BLACKMAN AND MANITSKY, P.C.**,
**GADUE'S DRY CLEANING**,
**PUBLIC STORAGE CORPORATE** and
**UNKNOWN/UNNAMED DEFENDANTS**,

    Defendants.

---

**REPORT AND RECOMMENDATION**

Plaintiff Aria Larkin—proceeding without a lawyer—has sued various defendants for a variety of claims. But with no apparent personal jurisdiction over the defendants, and because Larkin has not diligently prosecuted this case, this action should be dismissed without prejudice.

The court found Larkin financially eligible to proceed in forma pauperis but found her complaint deficient under 28 U.S.C. § 1915(e)(2). (Doc. 12). Among other reasons, personal jurisdiction appeared unlikely and venue improper. Nevertheless, the court provided Larkin an opportunity to file an amended complaint by July 12, 2023. (Doc. 12). The clerk mailed copies of that order to Larkin on June 12, 2023.

But this deadline has come and gone, and Larkin has failed to comply. So a dismissal without prejudice is appropriate. *See Rowe v. Barry*, No. 8:15-cv-2158-T-33EAJ, 2016 WL 367871, *1 (M.D. Fla. Jan. 29, 2016) (denying IFP and dismissing complaint for lack of personal jurisdiction); *Ricketts v. Arch*, No. CIVA 207cv-00082-RWS, 2007 WL 3143722, *1 (N.D. Ga. Oct. 24, 2007) (finding case was frivolous under 28 U.SC. § 1915(e)(2)(B) given plaintiff failed to provide a basis for personal jurisdiction); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (observing the court's "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket).

Respectfully recommended on July 19, 2023.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**